**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSE CASTILLO and DOLORES CASTILLO,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GEICO INSURANCE AGENCY, LLC and HOMESITE INSURANCE COMPANY OF THE MIDWEST,<br><br>                    Defendants. | Case No.  24-cv-06550-BLF<br><br>**ORDER GRANTING DEFENDANT GEICO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 17] |

      This action arises from an insurance coverage dispute relating to a homeowner's policy issued to Plaintiffs Jose and Dolores Castillo ("Plaintiffs") for a home located in Salinas, California ("the property").  Plaintiffs claim that the insurer, Defendant Homesite Insurance Company of the Midwest ("Homesite"), has breached the policy and acted in bad faith by failing to provide coverage for fire damage to the property.  Plaintiffs also claim that Homesite and its agent, Defendant GEICO Insurance Agency, LLC ("GEICO"), made negligent misrepresentations when speaking to Plaintiffs prior to the policy's issuance.

      Before the Court is Defendant GEICO's motion to dismiss the operative first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  *See* Def. GEICO's Mot., ECF 17.  The Court previously submitted the motion for decision without oral argument.  *See* Order Vacating Hearing, ECF 32.

      Defendant GEICO's motion to dismiss is GRANTED WITH LEAVE TO AMEND for the reasons discussed below.

## I. BACKGROUND[1]

In September 2023, Plaintiffs called Defendant GEICO to obtain homeowner's insurance for a home they had recently purchased at 110 Chestnut Street in Salinas, California ("the property"). *See* FAC ¶ 7. Plaintiffs intended to use the property as their residence. *See id*. The GEICO agent offered a policy that would cover fire damage, and Plaintiffs accepted. *See id*. ¶ 8. Defendant GEICO was acting as the agent of Defendant Homesite, which ultimately issued the homeowner's policy. *See id*. In relevant part, the policy provides coverage of $306,000 for the dwelling, $30,600 for other structures, $153,000 for personal property, and $91,800 for loss of use. *See id*. Plaintiffs paid the policy premium of $1,206.00. *See id*. ¶ 10.

Plaintiffs immediately moved a substantial number of items into property, including a piano, ten to fifteen pieces of other furniture, and plastic totes. *See* FAC ¶ 12. Plaintiffs also began paying for utilities and visited the property several times per week. *See id*. ¶ 13. However, Plaintiffs did not complete the move-in process due to personal reasons. *See id*. ¶ 14. On April 8, 2024, a fire started at the property and caused significant damage. *See id*. ¶ 14. The property was red tagged and deemed unsafe by the City of Salinas. *See id*.

Immediately following the fire, Plaintiffs submitted a claim under the policy. *See* FAC ¶ 16. Homesite responded by letter, advising that it was investigating the loss under a reservation of rights, because it appeared the property was not Plaintiffs' primary residence and in Homesite's view coverage depended on the property being occupied as Plaintiffs' primary residence. *See id*. Plaintiffs allege that the policy does not require them to reside in the property full-time. *See id*. ¶ 17. It is Plaintiffs' position that the policy requires only that they "occupy" the property, which Plaintiffs contend they did. *See id*. Plaintiffs also contend that the GEICO agent that arranged for issuance of the policy said nothing about a residency requirement for coverage. *See id*. ¶ 8.

Plaintiffs filed the present action against Homesite and GEICO in the Monterey County Superior Court in August 2024. *See* Notice of Removal Ex. 1 (Compl.), ECF 1-1. GEICO

---

[1] The Background section is drawn from the facts alleged in the FAC, which are accepted as true for purposes of evaluating the Rule 12(b)(6) motion to dismiss. *See Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).

removed the action to federal district court based on diversity of citizenship. *See* Notice of Removal, ECF 1. Plaintiffs filed the operative FAC in October 2024, asserting the following claims: (1) breach of contract against Homesite; (2) breach of the implied covenant of good faith and fair dealing against Homesite; and (3) negligent misrepresentation against both Homesite and GEICO. *See* FAC, ECF 14.

## II.  LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). "Dismissal is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Id*. "Conclusory allegations cannot defeat a motion to dismiss." *Id*.

## III.  DISCUSSION

The FAC asserts only one claim against Defendant GEICO, Claim 3 for negligent misrepresentation. GEICO moves to dismiss that claim on two grounds. First, GEICO argues that Plaintiffs have not satisfied the heightened pleading standard of Federal Rule of Civil Procedure 9(b), under which "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Second, GEICO argues that Plaintiffs have failed to allege an actionable misrepresentation.

In their opposition, Plaintiffs simply ignore GEICO's Rule 9(b) argument, citing to the ordinary pleading standard set forth in Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs argue that they have stated a claim for negligent misrepresentation under that standard.

The Court first addresses the applicability of Rule 9(b) to Plaintiffs' claim of negligent misrepresentation, and then addresses the adequacy of the claim.

### A.  Rule 9(b) Applies to the Negligent Misrepresentation Claim

"Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties

to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks, alterations, and citation omitted). If the plaintiff brings claims against multiple defendants, the complaint must identify the role of each defendant. *Rolled Alloys, Inc. v. Walls*, No. 20-CV-01961-AJB-KSC, 2021 WL 4034201, at *6 (S.D. Cal. Sept. 3, 2021).

"[N]o Ninth Circuit precedent directly addresses whether Rule 9(b) applies to negligent misrepresentation claims," and district courts are split on the issue. *Rolled Alloys,* 2021 WL 4034201, at *5. This Court agrees with those district courts that have applied Rule 9(b) to negligent misrepresentation claims. *See id*. (collecting cases). In fact, this Court has applied the Rule 9(b) standard to negligent misrepresentation claims in prior cases. *See, e.g., Vitale v. Wells Fargo Bank Nat'l Ass'n*, No. 5:23-CV-06019-BLF, 2024 WL 4469184, at *8 (N.D. Cal. Oct. 9, 2024) ("[A] negligent misrepresentation claim is a fraud-based claim. Thus, it must meet the pleading requirements of Federal Rule of Civil Procedure 9(b)[.]"). The Ninth Circuit has approved application of Rule 9(b)'s heightened pleading standard to negligent misrepresentation claims in recent unpublished decisions. *See, e.g., Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020) ("Borrowers' claims for unfair business practices, intentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.").

Accordingly, the Court will evaluate Plaintiffs' claim for negligent misrepresentation under the heightened pleading standard of Rule 9(b).

**B.    The Negligent Misrepresentation Claim is Not Adequately Pled**

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund, LLC v. Roth Cap. Partners,*

1   *LLC*, 158 Cal. App. 4th 226, 243 (2007); *see also UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
2   No. CV 14-3466 MMM (JPRx), 2015 WL 12746208, at *18 (C.D. Cal. Oct. 30, 2015) (reciting
3   elements).

4       Defendant GEICO contends that the first element, misrepresentation of a past or existing
5   material fact, is not pled with adequate specificity under Rule 9(b). Plaintiffs allege in Claim 3
6   that "Defendants represented in September 2023 that they would provide insurance coverage for
7   the Property, including the requested fire insurance," either knowing that representation to be
8   untrue or without a reasonable basis for believing it to be true. FAC ¶ 30. With respect to
9   GEICO, Claim 3 appears to be based on allegations appearing earlier in the FAC describing how,
10  "In or about September 2023, Plaintiffs called GEICO and requested a homeowner's insurance
11  policy for a home they had recently purchased at 110 Chestnut Street in Salinas, California (the
12  "Property"), which Plaintiffs intended to use as their residence." FAC ¶ 7. Plaintiffs allege that
13  "GEICO's agent asked various questions, which Plaintiffs answered truthfully, and GEICO
14  offered Plaintiffs an insurance policy to cover the Property, which Plaintiffs accepted." *Id*. ¶ 8.
15  Plaintiffs also allege that, "GEICO's agent informed Plaintiffs via telephone in or about
16  September 2023 that the policy would cover fire damage and made no mention of any residency
17  requirements for the coverage to be effective." *Id*.

18      As GEICO points out, these allegations do not provide the identity of the GEICO agent
19  who made the alleged misrepresentation, nor do they indicate which of the Plaintiffs spoke to the
20  GEICO agent. Moreover, GEICO argues, the allegations do not provide any context for the
21  alleged misrepresentation, stating only that the GEICO agent "asked various questions" and that
22  "Plaintiffs answered truthfully." FAC ¶ 8. GEICO also points out that the identification of the
23  alleged misrepresentation in Claim 3 itself lumps the two defendants together, alleging that
24  "Defendants represented . . . ." FAC ¶ 30.

25      The Court agrees with GEICO that Plaintiffs' allegations are inadequate. Plaintiffs argue
26  that they identified the GEICO agent to the best of their ability, and that the name of the agent is
27  within GEICO's control. If the failure to identify the agent were the only flaw in the claim, the
28  Court would be inclined to deny the motion. However, Plaintiffs have failed to provide relevant

facts that are within their own control, such as which of the Plaintiffs spoke to the GEICO agent and what was said. Defendants correctly point out that Plaintiffs cannot ground a claim for negligent misrepresentation on any asserted promise of the GEICO agent regarding future conduct by Homesite. *See UMG Recordings, Inc.*, 2015 WL 12746208, at *18 ("Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable" as negligent misrepresentations.). Nor can Plaintiffs ground their claim in a misstatement regarding the scope of coverage under an existing insurance policy. *See Dobbel v. Liberty Ins. Corp.*, No. 2:17-cv-02114-MCE-EFB, 2019 WL 93433, at *5 (E.D. Cal. Jan. 3, 2019). Without specific allegations regarding the circumstances of GEICO's alleged misrepresentation, including precisely what Plaintiffs told the GEICO representative about their needs and what the GEICO representative responded, Plaintiffs' claim for negligent misrepresentation is not adequately pled under Rule 9(b).

Defendant GEICO's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## IV. ORDER

(1) Defendant GEICO's motion to dismiss is GRANTED WITH LEAVE TO AMEND;

(2) Plaintiffs shall file any amended pleading within 21 days, or by March 3, 2025;

(3) Leave to amend is limited to the deficiencies identified in this order – Plaintiffs may not add any new claims or parties without express leave of the Court; and

(4) This order terminates ECF 17.

Dated: February 10, 2025

_____
BETH LABSON FREEMAN
United States District Judge